RECEIVED
BY MAIL
MAR 29 2007
CLERK US DIST COURT
MINNEAPOLIS MN

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-126 DSD/JMM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA Plaintiff, v. SANFORD A. HATCH, Defendant, and RE/MAX RESULTS, Garnishee. | ) | ANSWER OF THE GARNISHEE (EARNINGS) |

RE/MAX Results, being duly sworn, deposes and says:

**I. TO BE COMPLETED BY ALL GARNISHEES:**

A: Identification of the Garnishee

**If Garnishee is an individual:**

That he/she is Garnishee herein doing business in the name of

____________________________________________.
(Provide full name and address of business)

**If Garnishee is a partnership:**

That he/she is a member of ______________________________,
(Full name/address of partnership)

a partnership, of which Garnishee is a partner.

**If Garnishee is a corporation:**

That he/she is the Director of Business Administration (Title) of Garnishee, Collopy and Saunders, Real Estate, Inc., d/b/a RE/MAX Results 11200 West 78th St., Eden Prairie, MN 55344 (Full name/address of corporation), a corporation, organized under the laws of the State of Minnesota.

SCANNED
MAR 29 2007
U.S. DISTRICT COURT MPLS

B: Calculation of Amounts Subject to Garnishment

On March 8 ____________, 2007, Garnishee was served with the Writ of Continuing Garnishment. If, at any time during the pay period in effect when the Writ was served, the above-named defendant was employed by the garnishee or was owed earnings by the garnishee, proceed to Number 1 below. If, during that time, the above-named defendant was not employed by the garnishee and was not owed any earnings from the garnishee, proceed to Number II in this Answer of Garnishee.

1. Defendant's regular pay period is

_____ weekly _____ bi-weekly _____ semi-monthly _____ monthly

X other, explain Defendant is an independent contractor; not an employee of Garnishee. Accordingly, he has no regular pay period.

Enter date present pay period began: N/A

Enter date present pay period ends: N/A

(Present pay period is the pay period during which this Writ was served.)

2. Calculate the defendant's disposable earnings for the present pay period:

a. Gross Income (includes salary wages, overtime, commissions, income trusts and all other income before any deductions) $ 0.00

b. Federal Income Tax $________

c. FICA Income Tax $________

d. State Income Tax $________

e. Total Withholdings (Total "b" through "d") $________

f. **Disposable Earnings for Present Pay Period** (**Subtract** "e" from "a") $ 0.00

If the figure on Line "f" above is less than $154.50 per week, write "no garnishment allowed for present pay period" on Line "g" below, and proceed to Number 4 in this Answer of Garnishee.

g. **Maximum earnings available for garnishment from the <u>present</u> pay period** (Multiply "f" times .25)

No garnishment allowed for present pay period.

$ ____________________

If the earnings listed on Line "g" above are currently subject to previously-served garnishments or court orders, provide the information requested below. If the earnings listed on Line "g" above are <u>not</u> subject to any previously served garnishments/orders, write "$0.00" on Line "h" below previously served and proceed to Number 3.

| Description of Previously-Served Garnishments/Orders | Amount Taken Under Previously-Served Garnishments/Orders for Present Pay Period | Expiration Date of Previously-Served Garnishments/Orders |
|---|---|---|
| ____________ | (i) $ ____________ | ____________ |
| ____________ | (ii) $ ____________ | ____________ |
| ____________ | (iii) $ ____________ | ____________ |

h. **<u>Total</u> due for <u>present</u> pay period under previously-served garnishments/orders**
(add (i) through (iii))

$ ____________________

3. Determine the extent to which the earnings of the defendant for the <u>present</u> pay period are available for <u>this</u> garnishment:

a. Enter the amount listed on Line "2g" above (maximum earnings available for garnishment from the <u>present</u> pay period) $ ____________

b. Enter the amount listed on Line "2h" above (total due for present pay period under previously-served garnishments/orders) $______________

c. **Actual earnings available for this garnishment for the present pay period** (Subtract "3b" from "3a") $______________

If you do not claim an exemption, objection, defense or set-off to the amount entered on Line "3c" above, you must now retain that amount, up to the total debt balance as set forth in the Writ of Continuing Garnishment, pending further order of the Court. (Note, the debtor is responsible under this garnishment for all interest that accrues on this debt through the date on which payment in full is sent to the defendant.) If you do contend that some portion of the amount listed on Line "3c" above is not subject to this garnishment, indicate the reason for you contention:

The garnishee claims the following objection, defense or right to set-off from the actual earnings available for this garnishment for the present pay period: ______________________________ ______________________________. The amount the garnishee contends is available for this garnishment from the present pay-period earnings is: $______________________.

4. As outlined previously in this Answer of Garnishee, determine the extent to which the future earnings of the defendant are available under this continuous garnishment:

| List Each Future Pay Period | List 25% (.25) of the Projected Disposable Earnings for Each Future Pay Period | List Total Amount Due Under Previously-Served Garnishments/Orders for Each Future Pay Period | List Actual Projected Earnings Available for This Garnishment from Each Future Pay Period (Subtract "c" from "b" for Each Pay Period) |
|---|---|---|---|
| a. N/A | b. $ 0.00 | c. $ 0.00 | d. $ 0.00 |
| | $ | $ | $ |
| | $ | $ | $ |

(Remember, this is a continuous garnishment and is immediately effective unless the amount now being paid out pursuant to previously-served garnishments and court orders equals or exceeds 25 percent of the debtor's disposable earnings. In those cases, and only in those cases, this Writ will be effective as soon as the amount now being paid out pursuant to previously-served garnishments and court orders drops below 25 percent of the debtor's disposable earnings. Then, this Writ will continue until such time as the entire debt balance has been paid in full, giving way only to subsequently-served <u>support</u> garnishments and <u>support</u> orders.)

If you do <u>not</u> claim an exemption, objection, defense or set-off to the amounts entered on Line "4" for future pay periods, you must retain those amounts, as they become available, up to the total debt balance as set forth in the Writ of Continuing Garnishment, pending further order of the Court. (Note, the defendant is responsible under this garnishment for <u>all</u> interest that accrues on this debt through the date on which payment in full is sent to the defendant.) If you <u>do</u> contend that some portion of

the amounts listed above on Line "4d" for any future pay period is not subject to this garnishment, indicate the reason for your contention:

The garnishee claims the following objection, defense or right to set-off from the actual earnings available under this garnishment for the following pay period(s): ______________ ______________________ The amount the garnishee claims is available under this garnishment from each of the pay periods noted in the previous sentence is $ _______________, $___________________.

**II. COMPLETE THIS SECTION ONLY IF THE DEFENDANT IS NO LONGER EMPLOYED BY THE GARNISHEE.**

Last date the defendant worked as an employee of the garnishee N/A; as a real estate salesperson, Mr. Hatch is an independent contractor. He has never been an employee of RE/MAX Results. No earnings are currently owing to Mr. Hatch from RE/MAX Results.

Is the defendant eligible for rehire within 90 days of the date the Writ was served on the garnishee N/A.

**III. TO BE COMPLETED BY ALL GARNISHEES.**

The Garnishee mailed a copy of the Answer of Garnishee, by first-class mail, to:

Counsel for United States at:
United States Attorney's Office
Att: Financial Litigation Unit
600 Federal Courthouse
300 South Fourth Street
Minneapolis, Minnesota 55415

The Defendant, at:

Sanford A. Hatch
XXXXX
Eden Prairie, MN 55344

The Garnishee sent the original Answer of Garnishee, by first-class mail, to :

Clerk of United States District Court
202 Federal Courthouse
300 South Fourth Street
Minneapolis, Minnesota 55415

Nancy Moeller
Garnishee, Nancy Moeller, Director of Business Administration

SUBSCRIBED and SWORN to before me this
27th day of March, 2007.

Nadine G H Durkee
NOTARY PUBLIC

NADINE G. H. DURKEE
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2010

**JOHN H. BRENNAN**
Attorney at Law
11200 WEST 78TH STREET
Suite 300
EDEN PRAIRIE, MN 55344
(952) 942-4747
FAX: (952) 942-4740
e-mail: JBoffice@aol.com

March 27, 2007

RECEIVED
BY MAIL
MAR 2 8 2007
CLERK US DIST COURT
MINNEAPOLIS MN

Clerk of United States District Court
202 Federal Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Re: United States of America vs. Sanford A. Hatch vs. RE/MAX Results
Civil No. 00-126 DSD/JMM

To Whom It May Concern:

Enclosed for filing with respect to the above matter, please find the original Answer of the Garnishee. If you have any questions or need anything further, please let me know.

Very truly yours,

John H. Brennan

JHB/jk

Enclosure

cc: United States Attorney's Office, Attn: Financial Litigation Unit
Mr. Sanford A. Hatch

U:\WP\Docs\LTR\Clerk of US Dist. Ct. (3-27-07).doc